### JAMES BOYD AND WILLIAM BOYD v. ROYAL G. RICE.

*Knowledge or negligence necessary to commission of misdemeanor —Comp. L., § 7990.*

Comp. L., § 7990 makes it a misdemeanor for any one to set fire to "woods, prairies or grounds not his own property" or to negligently let fire pass from his own premises to the injury of another's property; and any one convicted of such offense may be held liable in double damages to the person injured. *Held* that where stubble had been fired by a hired servant without his master's knowledge, and neighboring property was thereby injured, neither the servant nor his master, to whom no neglect had been imputed in employing him, came within the terms of the statute.

Error to Barry.  Submitted April 3.  Decided April 9.

TRESPASS ON THE CASE.   Defendants bring error.

*Smith & Knappen* for plaintiffs in error.

*Sweezey & Knappen* for defendant in error.

COOLEY, J.   Rice sued the plaintiffs in error in tres-
pass, and declared "for that whereas on &c., at &c., the
said defendants did negligently permit fire to pass from
the premises of the said James Boyd, being fire which
the said defendant William Boyd had there started, which
fire the said defendants did negligently permit to pass
from the grounds of the said James Boyd, to wit, &c.,
to the land of one Ann Baber, and from thence to the
land of one Orlando Rice, to wit, &c., which said fire so
allowed to escape by the said defendants did then and
there upon the land last described burn up and destroy
thirty-one and one-half cords of wood of great value, to
wit, the value of forty dollars of the property of said
plaintiff.   And said plaintiff avers that said fire was so
negligently allowed to pass from the grounds of said
James Boyd by the said defendants in violation of the
provisions of section one of chapter 255 of the Compiled
Laws of 1871, whereby said defendants became and are
liable to said plaintiff in double damages sustained by
him, to wit," &c.

The facts in proof were that defendant William Boyd
was the hired servant of James Boyd, employed upon
his farm, and that while so employed, without directions
so to do, and while his employer was absent from the
State, he set fire to a stubble, and this spread to the
adjoining lands, and at length reached and burned up
the plaintiff's wood.   No personal fault is attributed to
James Boyd, but his liability is grounded on the doctrine
*respondeat superior.*

The statute under which the action was brought is as
follows: "Every person who shall willfully or negligently
set fire to any woods, prairies, or grounds not his own

property, or shall willfully or negligently permit any fire to pass from his own woods, prairies or grounds, to the injury or destruction of the property of any other person, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding one thousand dollars, or by imprisonment in the county jail not exceeding one year, or both, in the discretion of the court; and shall also be liable to the party injured, in double the amount of damages sustained." Comp. L., § 7790.

It is not pretended that there is any liability in this case except for negligently permitting the fire to pass from the premises of James Boyd to the premises of Orlando Rice where the wood was burned. But while the defendant William Rice might be subject to an action at the common law for his negligence, it seems plain that he cannot be liable under this statute. It was not from his premises that the fire was negligently permitted to spread, and this statute carefully restricts its penalties to him who willfully or negligently permits the fire to pass from "his own woods, prairies or grounds" to the injury of another. William Boyd was not within its provisions.

But it is quite as plain that James Boyd was not liable for the act of William Boyd, of which he had no knowledge, and for which it is not pretended he was in fault. The private action for the recovery of double damages is only given where the misdemeanor has been committed, and there is no misdemeanor where the owner of the land has had no knowledge of the fire, and cannot be charged in respect to it with either willfulness or negligence. He also may have been responsible at the common law for the fault of his servant, but the penal consequences are only imposed by this statute where there has been personal fault.

To preclude all misapprehension it is proper to say that no negligence is attributed to James Boyd in the

38 MICH.—76.

employment of an unsuitable person as servant, or in trusting the care of his farm with such a person.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.